Wajeer SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71270.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2007 *.

Filed April 6, 2007.

Jeremy R. Forst, Esq., Los Angeles,
CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Edward A. Olsen, Esq., USSF–Office of the U.S. Attorney, San Francisco, CA, for Respondent.

Before: KOZINSKI, LEAVY and
BYBEE, Circuit Judges.

## MEMORANDUM**

The IJ found petitioner not credible because, among other things, petitioner testified inconsistently with respect to the sequence of key events in his persecution story. The record does not compel a contrary conclusion, and we have repeatedly upheld an IJ's adverse credibility finding based on inconsistencies in the details of a petitioner's persecution story. *See, e.g., Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistent number of times petitioner was arrested); *Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999) ("different versions of how the

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

names of the police officers came to the attention of the superintendent of police").

■ The IJ granted voluntary departure for a 60–day period, and the BIA changed the voluntary departure period to 30 days. But, "because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006). We therefore remand to the agency for further proceedings regarding voluntary departure.

**DENIED in part, GRANTED in part and REMANDED.**